IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA, )
)
        Plaintiff, )
)
v. ) Case No. 10-20077-02-JWL
)
SAMUEL BARAJAS, )
)
        Defendant. )
)
_____ )

**MEMORANDUM AND ORDER**

On September 8, 2011, on the third day of trial, a jury convicted defendant of a conspiracy to distribute and possess with intent to distribute over 500 games of methamphetamine; possession with intent to distribute 50 grams or more of methamphetamine; and the unlawful use of a communications facility (a cellular telephone) to facilitate the conspiracy offense. This matter presently comes before the Court on defendant's motion for a judgment of acquittal notwithstanding the verdict (Doc. # 56). For the reasons set forth below, the Court **denies** the motion.

I.    **Sufficiency of the Evidence**

Defendant seeks acquittal for two reasons. First, defendant argues that no reasonable jury could have found him guilty beyond a reasonable doubt. In resolving such a challenge to the sufficiency of the evidence, the Court must determine whether,

"viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt." *United States v. Doddles*, 539 F.3d 1291, 1293 (10th Cir. 2008) (quotation omitted). The Court must "resolve any possible conflicts in the evidence in favor of the Government and assume that the jury found that evidence credible." *Id.* at 1293-94 (citation omitted). "While the evidence supporting the conviction must be substantial and do more than raise a mere suspicion of guilt, it need not conclusively exclude every other reasonable hypothesis and it need not negate all possibilities except guilt." *United States v. Burkley*, 513 F.3d 1183, 1188-89 (10th Cir. 2008) (internal quotation omitted).

The Court concludes that sufficient evidence at trial supported defendant's guilt. First, the jury heard a number of calls intercepted by a wiretap of Target Telephone 24 ("TT 24"), a cellular telephone used by a person named "Sammy", which provided evidence that "Sammy" directed a delivery of methamphetamine to Kansas. At trial, defendant did not dispute that the "Sammy" heard on TT24 was guilty of the charged offenses; rather, defendant argued that he was not "Sammy."

There was ample evidence, however, that "Sammy" was defendant Samuel Barajas. Defendant was arrested while in possession of Target Telephone 26 ("TT26"), and calls intercepted from that cellular telephone revealed that it had also been used by a person named "Sammy". One person who had translated intercepted calls testified that he heard the same voice using both TT24 and TT26. Another translator of calls who also

2

was present for an interview of defendant testified that she knew from defendant's voice that he had been the person heard on both TT24 and TT26. Similarly, the arresting agent testified that defendant's voice matched the voice heard on both telephones. The jury heard calls intercepted on both telephones and thus could decide for itself whether the two phones' voices matched. Moreover, a co-conspirator in Kansas, Luis Manzo-Barrios, had a cellular telephone that listed TT24 among its contacts and that had made a recent call to TT26, and one call by "Sammy" on TT26 referred to events in Kansas related to the delivery orchestrated by the "Sammy" on TT24.

Finally, there was additional evidence linking defendant to the delivery of methamphetamine. When arrested, Mr. Manzo-Barrios had a paper with the name "Barajas" written on it. When agents searched a house at an address for "Sammy" that had been heard on intercepted calls, they found drug paraphernalia, including methamphetamine residue; an identification card with defendant's picture; and a picture of defendant and Mr. Manzo-Barrios together. Surveillance had also observed defendant's vehicle at that address.

Accordingly, substantial evidence supported defendant's convictions, particularly when that evidence is viewed in the light most favorable to the Government. The Court therefore denies this basis for acquittal.

3

## II. Duration of the Jury Deliberations

As his second basis for acquittal, defendant cites the fact that the jury deliberated only 42 minutes before returning its guilty verdicts. Defendant argues that "[i]t is not reasonable to believe that the jury would be able to read and comprehend the complex testimony and exhibits within such a short time to overcome the presumption of innocence," and that "the mere speed with which the jury deliberated reflects a failure to give the defendant the proper presumption of innocence to which he is entitled." In this regard, defendant argues that the issue of identity was a complex one, and he notes that "there were 177 exhibits and approximately 12 witnesses which consumed almost three days of testimony." Defendant has not cited any authority supporting this argument. Nor has defendant explained why any such error should mandate acquittal instead of a new trial. In opposition, the Government has not cited any authority directly addressing this issue of the speed of a jury's deliberations.

The Tenth Circuit has addressed this issue, however, and it has rejected the proposition that the duration of a jury's deliberation may provide a basis to overturn a guilty verdict. In *Wall v. United States*, 384 F.2d 758 (10th Cir. 1967), the court concluded as follows:

> The appellants say that the jury could not have considered the evidence, and particularly their defense, because it took but one hour of deliberation to reach a verdict in a case which had taken eight days of trial. We know of no rule which requires a jury to deliberate for any particular period of time. From our study of the record we can well understand why the jury took no longer in coming to a decision. Its verdict must stand.

4

*Id.* at 762. Other circuit courts have similarly ruled that the speed with which the jury deliberated does not provide a basis for attacking a verdict. *See United States v. Dolan*, 120 F.3d 856, 870 (8th Cir. 1997) (two hours of deliberation); *United States v. Penagaricano-Soler*, 911 F.2d 833, 846 (1st Cir. 1990); (four hours of deliberation after a five-week trial involving 32 counts); *United States v. Anderson*, 561 F.2d 1301, 1303 (9th Cir. 1977) (a "brief" deliberation); *United States v. Brotherton*, 427 F.2d 1286, 1289 (8th Cir. 1970) (five to seven minutes of deliberation); *Kimes v. United States*, 242 F.2d 99, 100-01 (5th Cir. 1957) (20 minutes of deliberation); *see also United States v. Pickard*, 278 F. Supp. 2d 1217, 1229 (D. Kan. 2003) (following *Wall*).

In this case, contrary to defendant's argument, the controlling issue of identity was not particularly complex; thus, as in *Wall*, the evidence was convincing enough to make a quick verdict unsurprising. As the Ninth Circuit noted in *Anderson*:

> There is no established rule that any specified time is required to reach unanimity. Defendant's argument is a two-edged sword. The jury may have thought there was not even a shadow of doubt as to guilt.

*Anderson*, 561 F.2d at 1303. The mere fact that the jury reached a verdict in 42 minutes does not provide any basis for relief, and the Court therefore denies defendant's motion in its entirety.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion for a judgment of acquittal (Doc. # 56) is **denied**.

IT IS SO ORDERED.

Dated this 30th day of November, 2011, in Kansas City, Kansas.

                                                      s/ John W. Lungstrum
                                                     John W. Lungstrum
                                                     United States District Judge